# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3982

———————

United States of America,         *
        *
       Plaintiff-Appellee,     *
        *   Appeal from the United States
   v.            *   District Court for the
        *   District of Nebraska.
Angel M. Koski,           *
        *   [UNPUBLISHED]
       Defendant-Appellant.    *

———————

Submitted:  November 19, 2010
Filed: February 8, 2011

———————

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Pursuant to a written plea agreement, Angel M. Koski pleaded guilty to one count of conspiring to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. The district court[1] sentenced her at the bottom of the applicable Guidelines range to seventy-seven months' imprisonment followed by five years' supervised release. Koski now appeals her sentence, arguing her sentence was unreasonable, she should have received further reduction for mitigating circumstances, and she should have been eligible for "safety valve" relief. We affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

The plea agreement contains an appeal waiver, according to which Koski waived any and all rights to appeal her conviction and sentence except the right to seek post-conviction relief based upon ineffective assistance of counsel, the right to appeal the district court's decision that she does not meet the requirements of United States Sentencing Guidelines § 5C1.2 and 18 U.S.C. § 3553(f)(1)–(5), and the right to appeal her conviction and sentence if the statute under which she was convicted were later found invalid. We will enforce the appeal waiver because the appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the waiver will not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result).

Koski's only argument not barred by the appeal waiver is her claim that the district court erred in finding that she is not eligible for the "safety valve" provision set forth in 18 U.S.C. § 3553(f). The safety valve provision mandates that the court sentence a defendant in accordance with the Guidelines without regard to any statutory minimum sentence, if the court finds the defendant meets five statutory requirements. See 18 U.S.C. § 3553(f). The first of the five requirements is "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." § 3553(f)(1). The presentence report assigned Koski sixteen criminal history points under U.S.S.G. § 4A1.1, resulting in a criminal history category of VI. Therefore, the district court did not err in finding Koski ineligible for safety valve relief.

Accordingly, we affirm the judgment of the district court.

_____